UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17 CR 319 RWS |
| | ) | |
| ROBERT COOPER, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant Robert Cooper's motion for compassionate release filed on May 11, 2020. (Doc. 93). On June 9, 2020, counsel filed a supplemental brief in support of the motion. (Doc. 100). Cooper seeks a reduction in his sentence to time served based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018 ("FSA"). Neither Cooper's motion nor the supplemental brief indicate that Cooper has requested release from his warden, either before or after this motion was filed. Instead, counsel argues that I should waive this statutory requirement due to the pandemic.

Here, defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act. "In December 2018, as part of the First Step Act, Congress worked a change to the rule of long standing that a court could only modify a sentence upon motion from the Bureau of Prisons." *United States v. Gileno*, 2020 WL 1307108, at *4 (D. Conn. Mar. 19, 2020) (internal quotation marks, citation and brackets omitted). To allow prisoners to petition courts directly for compassionate release while still giving BOP the first opportunity to evaluate such requests, Congress amended section 3582(c) to include the following language:

> (c) The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). Thus, a defendant may now move the sentencing court for compassionate release but only after (1) fully exhausting his administrative remedies, or (2) a lapse of 30 days from the warden's receipt of the defendant's request. *United States v. Miller*, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020). Defendant must first afford the BOP the opportunity to consider his request before requesting compassionate release from this Court. Therefore, I must deny defendant's motion for failure to exhaust administrative remedies without prejudice to his right to request compassionate release once he has complied with the requirements of the statute.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for compassionate release [93] is denied without prejudice.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of June, 2020.