IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17CR00319-RWS |
| ) | |
| ROBERT COOPER, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO RECONSIDER AND REINSTATE COMPASSIONATE
RELEASE MOTION DUE TO FACTUAL ERROR**

On May 11, 2020, Robert Cooper moved this Court *pro se* for a reduction in the length of his sentence based on "extraordinary and compelling reasons," pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Document #93). On June 9, 2020, counsel filed a memorandum in support of Mr. Cooper's motion (Document # 100). On June 11, 2020, the Court denied the motion without prejudice because Mr. Cooper has failed to exhaust administrative remedies with the BOP before requesting relief from the Court (Document #102).

As it turns out, Mr. Cooper had exhausted his administrative remedies with BOP. On May 1, 2020, Mr. Cooper submitted a request to the institution for reduction in sentence ("RIS") pursuant to 18 U.S.C. § 3582. In his request, Mr. Cooper cited his health conditions, family circumstances, and the Coronavirus pandemic as reasons for compassionate release.[1] Mr. Cooper's request was denied

---

[1] Mr. Cooper's *pro se* request is attached at the end of this motion.

by the BOP on May 22, 2020.[2] Unfortunately, counsel did not have these critical facts at the time he filed the memorandum in support of Mr. Cooper's request for compassionate release (Document #100) due to erroneous information provided by the BOP. In response to direct requests, the BOP advised counsel that Cooper had not filed a compassionate release request with the BOP. Then, on June 11, 2020, counsel received a letter from Mr. Cooper that included a copy of the BOP's denial of May 22, 2020. Upon receipt of that letter, counsel immediately contacted the probation officer about this discrepancy who then contacted the BOP. The BOP confirmed that Mr. Cooper did in fact request compassionate release through the BOP in May of 2020, as demonstrated in the documents attached to this motion.

Through no fault of Mr. Cooper, the memorandum (Document #100) filed in support of his request for compassionate relief lacked critical facts. He asks the Court to reconsider and reinstate his motions for compassionate release. An immediate reduction in Mr. Cooper's sentence to the time already served, resulting in commencement of supervised release, is warranted under § 3582(c)(1)(A)(i). The motion for reduction in sentence is well-founded and should be granted for all the reasons stated in Mr. Cooper's pro se motion, as well as counsel's memorandum in support of his motion.

                                                                  Respectfully submitted,

                                                                  */s/ Michael P. Mahon*
                                                                  MICHAEL P. MAHON
                                                                  Assistant Federal Public Defender
                                                                  1010 Market, Suite 200
                                                                  Saint Louis, Missouri 63101

---

[2] The BOP denial is attached at the end of this motion.

>
> (314) 241-1255
> Fax: (314) 421-3177
> E-mail: Michael_Mahon@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing upon the U.S. Attorney's Office.

> */s/ Michael Mahon*
>
> Michael Mahon

5-1-20

Robert Cooper # 46922044

I'm writing you'll about the Compassionate Release in Response to the Covid-19 and The First Step Act.

I am Robert Cooper here at Fcc Forrest City, institution, i was Born with Scolisis, with Club Feet, with Dislocated Hip and have a Rhod from Neck down and have Screw and pin's in Both Hip's and pin's in Both Feet i also, have Hip CD;

I have High Blood pressure and Talking Lisinopril for it, and i Take pain medcate for ongoing pain The medciate is Tylenal 3 for the pain. I also, Talke Meulth Health medciate.

Also, i have a Son at home that's Death and He in a wheelchir, i also have a Sister that have Breast Carcan and a Bother that have Carcan to.

I was on Bond for 2 year's doing good and I'm a Slef Surrender.

I hope you'll take this in to Consideration Do to Covid-19 and the First Step Act.
                                            Thank you'll.



**U.S. Department of Justice**
Federal Bureau of Prisons
*Federal Correctional Complex*
*Post Office Box 7000*
*Forrest City, AR 72336*
(870) 494-4200 *OFFICE*
(870) 494-4496 *FAX*

May 22, 2020

MEMORANDUM FOR   COOPER, ROBERT, REG. NO. 46922-044

FROM:   DeWayne Hendrix *(signed: DeWayne Hendrix, Complex Warden)*

SUBJECT:   Denied for Reduction-In-Sentence/RIS

You requested a reduction in sentence (RIS) based on concerns about COVID-19. You were convicted of Possession of a Firearm in Furtherance of a Drug Trafficking Crime. You have prior convictions for Assault (x2), Absconding, and Statutory Rape. Your RIS request was evaluated and all factors outlined in Section 7 of the policy were used to evaluate your request. Your circumstances do not meet the criteria for consideration for a RIS under this category.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence. Accordingly, your RIS request is denied at this time.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.