UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:17 CR 319 RWS |
| ) | |
| ROBERT COOPER, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant Robert Cooper's motion for home confinement or compassionate release filed on April 6, 2020.  (Doc. 93).[1]  Cooper is represented by appointed counsel.  Cooper seeks a reduction in his sentence to time served or home confinement based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018 ("FSA").  On July 8, 2020, the Government responded in opposition to the motion.  (Doc. 107).  Cooper has exhausted his administrative remedies and this Court has jurisdiction to consider his request. (Doc. 103).  For the reasons set out below, the motion is denied.

Background

On July 19, 2017, the Grand Jury returned a one-count indictment, charging defendant with felon in possession of a firearm, in violation of Title 18, U.S.C. § 922(g). Defendant subsequently entered a guilty plea to a Superseding Information for possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, U.S.C. §

---

[1] Cooper's prior First Step Act motion filed on September 30, 2019 (Doc. 91) is denied as patently meritless as it presents no basis for relief.  The Court does not, as defendant asserts, "know" that he should not have been sentenced to 72 months.  The Court believed at the time of sentencing that the sentence was appropriate and continues to believe it to be so.

924(c).  Defendant's conviction was based on the execution of a search warrant at 3129 Texas on December 6, 2016, in the City of St. Louis, where defendant was present and officers located a black Rohm .22 caliber revolver with five live cartridges and marijuana packaged for distribution. (Doc. 57).  The U.S. Probation Office's Presentence Investigation Report "(PSR")  prepared for sentencing detailed defendant's numerous prior convictions, including three assault convictions and convictions for armed criminal action and statutory rape. (Doc. 69)  On December 13, 2018, this Court sentenced defendant to 72 months imprisonment. (Doc. 82.) Defendant has served 22 months of his sentence and is presently incarcerated at Forrest City Medium FCI in Arkansas, with a projected release date of August 17, 2023. Defendant is 49 years old.

In his motion for compassionate release, defendant does not assert that he has tested positive for COVID-19 or is otherwise symptomatic of the virus. Rather, he requests his sentence be reduced to time served or release from custody to home confinement, arguing that his medical conditions of scoliosis, hepatitis C, hypertension, clubbed feet, and hip dysplasia, increase his risks related to COVID-19 and make him particularly susceptible to contracting the COVID-19 virus.  Defendant was born with clubbed foot, dislocated hips, and scoliosis. (Doc. 69, ¶ 42, 51). These medical conditions require defendant to use a wheelchair and/or a cane at times.

Discussion

"'A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010) (quoting 28 U.S.C. § 3582(b)).  Here, defendant seeks

2

compassionate release under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act. "In December 2018, as part of the First Step Act, Congress worked a change to the rule of long standing that a court could only modify a sentence upon motion from the Bureau of Prisons." *United States v. Gileno*, 2020 WL 1307108, at *4 (D. Conn. Mar. 19, 2020) (internal quotation marks, citation and brackets omitted). To allow prisoners to petition courts directly for compassionate release while still giving BOP the first opportunity to evaluate such requests, Congress amended section 3582(c) to include the following language:

> (c) The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that— (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). Thus, a defendant may now move the sentencing court for compassionate release after (1) fully exhausting his administrative remedies, or (2) a lapse of 30 days from the warden's receipt of the defendant's request. *United States v. Miller*, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020).

While the First Step Act changed *who* could file a motion for compassionate release, it did not alter the requirements for granting relief. *United States v. Ebbers*, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) ("Congress in fact only expanded access to the courts; it did not change the standard."). Under the unmodified language in section 3582(c)(1)(A)(i), a sentencing court

3

may reduce a term of imprisonment only for "extraordinary and compelling reasons." This phrase is defined by the Sentencing Commission's policy statement in section 1B1.13 of the Guidelines Manual, which provides useful guidance to the Court in consideration of defendant's request. *See United States v. Korn*, 2020 WL 1808213, at *3 (W.D.N.Y. Apr. 9, 2020). Section 1B1.13 "limits the universe of extraordinary and compelling reasons to five categories": (1) terminal illness, (2) debilitating medical conditions, (3) advanced age, (4) death or incapacitation of certain family members, and (5) other extraordinary and compelling reasons determined by BOP. *United States v. Lynn*, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019) (citing U.S.S.G. § 1B1.13 cmt. n.1). Additionally, before granting an early release, the court must verify that the "defendant is not a danger to the safety of any other person or to the community" and consider whether a lesser sentence is appropriate under the section 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

Defendant carries a high burden of showing that he is entitled to an early release under section 3582(c)(1)(A). *See White v. United States*, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019) ("It is the Petitioner's burden to prove a sentencing reduction is warranted [on a motion for compassionate release].") (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016)). After careful consideration, the Court concludes that he has not met that burden here.

"In determining whether to grant a motion to modify a sentence, a court must consider the factors set forth in 18 U.S.C. § 3553(a)." *Gileno*, 2020 WL 1307108, at *1; *see also* 18 U.S.C. § 3582(c)(1)(A) (directing courts to consider these factors for every request for early release). *See also United States v. Eberhart*, 2020 WL 1450745, at *2 (N. D. Cal. Mar. 25, 2020) ("a reduction in sentence under [the First Step Act] requires a determination that '[t]he defendant is not a danger

4

to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g).'") (citing U.S.S.G. § 1B1.13(2). A defendant's failure to show that section 3553(a) favors a reduced sentence is fatal to such a request. *See United States v. Brummett*, 2020 WL 1492763, at *3–4 (E.D. Ky. Mar. 27, 2020) (concluding that the danger defendant posed to the community and the section 3553(a) factors each provided an independent basis for denying a request for compassionate release).

Here, defendant has failed to carry his high burden of demonstrating that he no longer poses a danger to the community or that the factors in section 3553(a) favor a reduced sentence. Defendant pleaded guilty to possession of a firearm in connection with a drug crime, and he offers no evidence which meaningfully shifts the balance of the 3553(a) factors in favor of release given the seriousness of his offense and his past violent behavior. *See Eberhart*, 2020 WL 1450745, at *2 (denying request for release because the "defendant fail[ed] to demonstrate that the § 3142(g) factors considered at the time detention was ordered, or the § 3553(a) factors considered by the court at the time of sentencing . . . have materially changed"). Defendant has a lengthy criminal history which includes multiple offenses of violence, including three assault convictions, as well as an armed criminal action conviction and a statutory rape conviction. Defendant's argument that his mobility issues prevent him from being a danger to the community is clearly foreclosed by a review of his prior criminal history given that defendant had these same mobility issues when his prior crimes were committed. Although defendant attempts to liken his situation to that of a defendant released in an unrelated case in a different jurisdiction, the Court finds defendant's situation easily distinguishable given his prior criminal history and the potential penalties he faced but for his guilty plea. At sentencing, the Court noted that not only was defendant faced

5

with a mandatory minimum sentence of 60 months, but that a 72 month sentence was appropriate based on the history and characteristics of the defendant, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense under 3553(a)(2)(A). (Doc. 83). The Court further noted that the sentence afforded adequate deterrence to criminal conduct under 3553(a)(2)(B) and protects the public from further crimes of the defendant under 3553(a)(2)(C). Nothing about the COVID-19 pandemic changes the Court's consideration of these factors, and the Court continues to believe that the previously imposed sentence of 72 months remains appropriate. Accordingly, because defendant has not met his burden of demonstrating that these considerations support release, his request for release must be denied.

Finally, defendant's request that the Court order him released to home confinement must be denied because the Court "has no authority to designate the place of confinement." *Eberhart*, 2020 WL 1450745, at *3. The BOP has complete authority to determine where an inmate is confined. "While a [district court] judge has wide discretion in determining the length and type of sentence, the court has no jurisdiction to select the place where the sentence will be served. Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (citation omitted). The COVID-19 pandemic does not alter this rule. *United States v. Williams*, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) ("[I]t is inherently the authority of the Bureau of Prisons to transfer an inmate to home confinement pursuant to 18 U.S.C. § 3624(c)."). For these reasons, defendant's request that the Court place him on home confinement for the remainder of his sentence must be denied.

6

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for compassionate release [93] is denied.

**IT IS FURTHER ORDERED** that defendant's motion for relief under the First Step Act [91] is denied.

                                                          RODNEY W. SIPPEL
                                                          UNITED STATES DISTRICT JUDGE

Dated this 14th day of July, 2020.